# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES HILL,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:03-cv-1528-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 24)**
>
> **FILED:** June 23, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Middle District of Florida Local Rule 3.01(g) requires that the party filing any motion must "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motions. A certification that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." The Rule 3.01(g) certification in the present

motion states that counsel for the plaintiff contacted counsel for the defendant, "who is unable to state" whether she opposes the amount sought by the plaintiff. Doc. No. 24. This certification fails to comply with Rule 3.01(g) because, in essence, counsel for the plaintiff failed to contact counsel for the defendant until the deadline for filing the present motion was imminent and, therefore, his actions precluded any realistic possibility that a meaningful conference could take place.[1]  Accordingly, the present motion is **DENIED** without prejudice to refiling on or before July 8, 2005, with a proper Rule 3.01(g) certification.

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The failure to confer in a timely manner with opposing counsel is a repeated problem in cases filed by counsel for the plaintiff. In the future, if the Rule 3.01(g) conference is not conducted sufficiently before the date on which the motion for attorneys' fees is due to be filed to give counsel for the Commissioner time to determine whether or not she objects to the motion, the motion for attorneys' fees may be denied with prejudice. The Court suggests that thirty days before filing the motion would be reasonable.