# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES HILL,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:03-cv-1528-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNCONTESTED AMENDED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 26)**
>
> **FILED:** July 1, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, James Hill, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on March 25, 2005. Doc. No. 23. An award of fees and expenses is, therefore, ripe for consideration.

Hill's attorney seeks $2,131.42 in attorney's fees for 14.10 hours of work.[1]  The hourly rate he seeks is $147.73 for work performed in 2003, $151.65 for work performed in 2004, and $153.10 for work performed in 2005 pursuant to a provision in the EAJA that allows the Court to adjust the statutory hourly rate based on changes in the cost of living.  Doc. No. 27.  The defendant, the Commissioner of Social Security, does not oppose these hourly rates or the amount sought.  After reviewing the papers submitted by Hill, I find that the fees requested are appropriate in the absence of objection.

Hill also seeks reimbursement for $27.25 in expenses.  The Commissioner does not oppose these expenses.  In the absence of objection, I find that these expenses were necessarily incurred.

It is, therefore, **ORDERED** that Hill is awarded $2,131.42 in attorney's fees and $27.25 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] In the petition, Hill's attorney states that he is seeking fees for 14.65 hours of work, *see* doc. no. 26 at 1.  However, his time sheets reflect that he worked 14.10 hours of work, although the time sheet incorrectly totals the hours worked, *id.* at ex. 1.  I will use the number of actual hours worked, which at the rates requested by Hill equals $2,131.42.